## Commonwealth v. Friedline

*James M. Jacobs, Jr., assistant district attorney,* for the Commonwealth.

*Richard J. Green, Jr.,* for defendant.

COFFROTH, *P. J.,* May 23, 1985—This is an appeal by defendant from his conviction before the district justice of Vehicle Code §3367(b), Racing On Highways, a summary offense. In the appeal, defendant preliminarily moved to quash the citation for its failure to allege his speed in the race, citing Commonwealth v. Morris, 268 Pa. Super. 269, 407 A.2d 1350 (1979), holding (2-1) that such an allegation is required by Code §3366, which provides as follows:

"§3366. Charging speed violations

"In every charge of violation of a speed provision in this subchapter, except for a violation of section 3361 (relating to driving vehicle at safe speed), the citation or complaint shall specify the speed at which defendant is alleged to have driven and the applicable speed limit." We reserved judgment on the motion to quash, and heard the case on its merits, after which we took the case under advisement.

To support the motion to quash, defendant produced his copy of the summons served on him, which contains no speed allegation. But the original citation in the file does allege speed as "40" in block 42 thereof. Thus, the citation complies with Code §3366 and Morris, both supra, and the motion to quash must therefore be denied. Compare Com-

monwealth v. Merkel, 15 D.&C.3d 428 (1980). Defendant has confused the citation (which must and does aver speed) with the summons which does not fall within §3366 and Morris (and need not aver speed). Since this citation was not served on defendant on the spot, and instead was a delayed filing, the proper procedure was to issue the summons as provided in Criminal Rule 51A(1)(b). Commonwealth v. Lockett, 43 Somerset L. J. 38, 31 D.&C.3d 115 (1984).[1]

Even if the citation had failed to allege speed, the fact that defendant does not claim any actual prejudice therefrom also mandates denial of the motion to quash under Criminal Rule 70 (as amended April 8, 1982, effective July 1, 1982, subsequent to the decision in Morris, supra), which provides as follows:

"Rule 70. Defects in Form, Content, or Procedure — Summary Cases,

"A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of this chapter, unless defendant raises the defect before the con-

---

1. We note that the form of traffic citation set forth in Criminal Rule 53(a) is slightly different from that used in this case; the latter shows speed in block 42, whereas the former shows speed in block 37. Also, according to the rule, the copy of the traffic citation intended to be served on defendant at the time of the offense has no block for speed; hence, if speed is important to defendant, he must examine the original. See Commonwealth v. Ridilla, 26 Somerset L. J., 212, 215 (1971), citing and quoting Commonwealth v. Shetrom, 24 D.&C2d 592 (1961); compare Commonwealth v. Jerin, 32 Somerset L. J. 70 (1976), Commonwealth v. Maust, 20-24 Somerset L. J. 222 (1963), and Commonwealth v. Lauer, 23 Bucks 100 (1972).

clusion of the summary trial and the defect is prejudicial to the rights of defendant." [Note: Adopted April 8, 1982, effective July 1, 1982.] See Commonwealth v. Lockett, supra.[2]

On the merits we are satisfied beyond a reasonable doubt of defendant's guilt of the offense charged.

## ORDER

Now, May 23, 1985, we find defendant guilty as charged of violating Vehicle Code §3367(b). Unless a post-trial motion is timely filed, defendant shall be scheduled for sentencing in accordance with Vehicle Code §3367(d).

---

2. Lockett also holds that defects in form, content or procedure may not be considered on appeal unless first raised and ruled on by the district justice before the summary trial begins, and specifically noted on the docket, unless justice requires consideration on appeal as where defendant was not represented by counsel. Here, there is no such notation in the docket; but the return indicates that defendant was not there represented by counsel.